## Commonwealth v. Heiple & Rooker

*David B. Hartman, Assistant District Attorney,* for Commonwealth.

*James B. Yelovich,* and *Kimmel, Rascona, Yelovich & Bowman,* for defendants.

COFFROTH, *P.J.*, February 3, 1977—We have for consideration defendants' objections to venue, requesting that the summary prosecution filed against them in magisterial district six be transferred to magisterial district three because the alleged offense occurred in Allegheny Township (part of district three) instead of Brothersvalley Township (part of district six).

The Commonwealth contends that the alleged violation actually occurred on the boundary line between Allegheny and Brothersvalley Townships, and the prosecuting officer so testified. If that were true, the prosecution could be filed in either district under Pa. R. Crim. P. 21 (c). Defendant Heiple testified that the incident occurred at a different location further down the road in Allegheny Township and produced maps of the roads in the area. The maps placed the township boundary line somewhat further from the place where the officer put it, which would place the events in Allegheny Township, and which we considered decisive of the factual question. Accordingly, we

announced at the close of the hearing our finding that the events took place in Allegheny Township, district three.

That finding resolves the factual issue in defendants' favor, but does not dispose of the legal question which involves an interpretation of Pa. R. Crim. P. 25 (formerly Rule 155) which governs objections to magisterial venue. The Commonwealth contends that under that rule, even though the complaint was filed in the wrong district, the case must proceed there and the court may not transfer it to the proper district unless defendants are prejudiced by proceeding in the district of filing. De fendants concede that no prejudice has been shown, but contend that such a showing is not necessary in this case under the rule. We must, therefore, examine what the rule says.

Pa. R. Crim. P. 25 provides as follows:

"(a) Objections to venue shall be raised in the Court of Common Pleas of the judicial district in which the proceeding has been brought, before completion of the preliminary hearing in a court case or before completion of the summary trial where a summary offense is charged, or such objections shall be deemed to have been waived.

*"(b) No objection to venue shall be allowed unless substantial prejudice will result if the proceeding is allowed to continue before the issuing authority before whom it has been brought.*

"(c) No criminal proceeding shall be dismissed because of improper venue. Whenever an objection to venue is allowed, the Court of Common Pleas shall order the transfer of the proceeding to the issuing authority of the proper magisterial district of the proper judicial district. If the proceeding is transferred to a magisterial district of another judicial district, the President Judge of the Judicial

District to which the case is transferred shall be notified of such transfer." (Emphasis supplied.)

The language of subsection (b) of Rule 25 is clear and plain, that the court cannot allow defendants' request for transfer of venue unless it is shown that they will be substantially prejudiced by allowing the case to proceed in district six where it was filed. No such prejudice has been shown in this case.

Defense counsel presents a subtle and ingenious interpretation of Rule 25, contending that the requirement of prejudice applies only if the objection to venue is raised *after* the trial before the justice of the peace has begun. There is nothing in the language of the rule to support that interpretation. The rule says that *"no* objection to venue shall be allowed unless substantial prejudice will result," without making any distinction between the case where the objection is raised before trial is begun and the case where it is raised during trial. The rule applies to all venue objections. To adopt the distinction advanced amounts to a material alteration of a Supreme Court rule, which contains a plain and simple restriction upon the power of this court to correct venue errors, which we are not permitted to alter.

Nor does the distinction advanced by the defense make good sense from a policy standpoint. By making prejudice a requirement for transfer, the rule evidences an intention to discourage technical venue objections. Such technical procedures clutter the judicial system and, in the absence of some indication that the decision will have substantial impact upon a defendant's rights, the issue is not worth the cost and effort put into such litigation. Rule 25 is a complete reversal of policy

from, and a reaction to, the former system under which any error in venue in many types of summary prosecutions was jurisdictional and fatal, requiring dismissal of the case, which gave technical defenses a field day and helped bring our judicial system into disrepute. See Commonwealth v. Ansell, 26 Somerset 248, 56 D.&C. 2d 759 (1971). Sound policy dictates that we should not devote our energies to this sort of litigation unless it is shown that our decision will make some important difference to defendants' rights.

Defense counsel raises one point which merits attention: that in most cases prejudice cannot be shown from magisterial misfiling and that therefore police officers can intentionally misfile prosecutions in the wrong district and thereby subvert venue requirements. There is that possibility. The answer to the contention is twofold. First, there is no evidence of any such intentional misfiling in this case; on the contrary, the evidence indicates a good faith belief on the part of the prosecuting officer that the incident in fact occurred on the boundary line between districts three and six. Second, if it should appear in a particular case that there was an intentional misfiling in bad faith, we would regard that as substantial prejudice per se to the judicial system, if not to defendant, justifying a transfer on timely objection as a prophylaxis. We dealt with that possibility in Commonwealth v. Ansell, supra, where we said at 257:

"If a . . . prosecution is knowingly brought by a prosecuting officer before the wrong magistrate and if the objection to venue is properly raised requiring dismissal or transfer, consideration should be given to placing the costs of the improperly filed case upon the officer and not upon either the

county or the defendant. Law enforcement personnel, like courts, carry on their shoulders a public trust which they are expected to discharge in good faith; the first element in that trust is compliance with law on their own part. Those who would enforce the law must first obey it." This is not such a case.

We confidently expect that all parties will receive a full, fair and unbiased trial in any of the magisterial districts of this county.

### ORDER

Now, February 3, 1977, the objections to venue are dismissed.